1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                     June 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 2:24-cr-00203(A)-MCS |
| Plaintiff, | F I R S T |
| | S U P E R S E D I N G |
| v. | I N D I C T M E N T |
| IVAN JACOBO IDROBO ARREDONDO,<br>  aka "Ivan Jacob Idrobo<br>  Arredondo,"<br>  aka "Marlon Vasquez," and<br>JUAN DIEGO PALTA MONTERO,<br>  aka "Juan Diego Palta<br>  Moreno,"<br>  aka "Ñeque," | [18 U.S.C. § 2339B(a)(1):<br>Attempting to Provide Material<br>Support to a Foreign Terrorist<br>Organization; 21 U.S.C. § 960a:<br>Conspiracy to Engage in Narco-<br>Terrorism; 21 U.S.C. § 963:<br>Conspiracy to Manufacture and<br>Distribute Cocaine for the Purpose<br>of Unlawful Importation; 18 U.S.C. |
| Defendants. | § 924(o): Conspiracy to Possess<br>Firearms, Machineguns,<br>and Destructive Devices in Furtherance<br>of a Drug Trafficking Offense; 21<br>U.S.C. §§ 959(a),<br>960(b)(1)(B)(ii): Distribution of<br>Cocaine for the Purpose of<br>Unlawful Importation; 18 U.S.C.<br>§§ 924(c)(1)(A)(i), (c)(1)(B)(ii):<br>Possession of Firearms,<br>Machineguns, and Destructive<br>Devices in Furtherance of a Drug<br>Trafficking Offense; 18 U.S.C.<br>§ 2(b): Causing an Act to be Done;<br>21 U.S.C. §§ 853, 970, 18 U.S.C.<br>§ 924(d)(1), 28 U.S.C. § 2461(c):<br>Criminal Forfeiture] |

**F I L E D**
CLERK, U.S. DISTRICT COURT

4/03/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____asi_____ DEPUTY

1      The Grand Jury charges:

2                  INTRODUCTORY ALLEGATIONS

3    At times relevant to this First Superseding Indictment:

4    1.   Transnational criminal organizations ("TCO") distribute

5 drugs into communities throughout the United States that are sourced

6 from manufacturers around the world, fueling the epidemic of

7 addiction and overdose deaths facing the nation.  TCOs employ

8 violence and terrorism throughout the Western Hemisphere to maintain

9 and further their criminal enterprises.  This conduct destabilizes

10 countries with significant importance to United States national

11 interests and leads to violence within the United States.

12    2.   Approximately 98% of cocaine seized in the United States is

13 produced in Colombia.  The Revolutionary Armed Forces of Colombia

14 ("FARC") was a Marxist-Leninist guerrilla group that operated in

15 Colombia beginning in 1964.  For over five decades, FARC's control

16 extended throughout all regions of Colombia, including the

17 Southwestern area consisting of Cauca, Valle Del Cauca, and Nariño,

18 where cocaine was produced.  FARC operated as a TCO controlling

19 cocaine production in Colombia, extorting money from individuals

20 engaged in the manufacture of cocaine, and partnering with Mexico-

21 based cartels to import cocaine into the United States.

22    3.   The Revolutionary Armed Forces of Colombia-People's Army

23 ("FARC-EP") is a dissident faction that emerged from FARC after

24 FARC-EP rejected a 2016 peace agreement reached between FARC and the

25 Colombian government.  FARC-EP is Colombia's most powerful and

26 violent dissident group and has continued to carry out TCO activities

27 and terrorist acts FARC perpetrated.  FARC-EP continues to control

28 the Southwestern area of Colombia, consisting of Cauca, Valle Del

Cauca, and Nariño, which produces approximately 70% of the cocaine manufactured in Colombia.  FARC-EP partners with Cartel de Sinaloa ("Sinaloa Cartel"), Cartel de Jalisco Nueva Generacion ("CJNG"), La Nueva Familia Michoacana, and other designated terrorist organizations to import cocaine into the United States.

4.    To maintain and further its TCO activities, FARC-EP engages in violence in Colombia, including attacks on government.  FARC-EP has committed armed assaults, assassinations, extortion, and hostage-takings.  The group has focused most of its attacks on Colombian government and military targets but has also attacked critical infrastructure, Colombia's civilian population, and United States military personnel in the country.  FARC-EP equips its members with small arms, machineguns, mines, and improvised explosive devices.

5.    On December 1, 2021, the United States Secretary of State designated FARC-EP a foreign terrorist organization.  On February 20, 2025, the Sinaloa Cartel, CJNG, and La Nueva Familia Michoacana, all of which partner with FARC-EP, were also designated as foreign terrorist organizations.

6.    Defendant IVAN JACOBO IDROBO ARREDONDO, also known as ("aka") "Ivan Jacob Idrobo Arredondo," aka "Marlon Vasquez" ("IDROBO"), was a member and leader of FARC-EP factions, including the Jaime Martinez front of FARC-EP.  Defendant JUAN DIEGO PALTA MONTERO, aka "Juan Diego Palta Moreno," aka "Ñeque" ("PALTA"), was IDROBO's right-hand man and a member and leader of the Jaime Martinez front of FARC-EP.  FARC-EP disseminates propaganda videos to convince the Colombian public and government that FARC-EP controls Colombia, to threaten rivals, and to recruit young Colombians to join FARC-EP. The following screenshot is from a video dated March 26, 2024, which

3

FARC-EP provided to news outlets in Colombia, depicting FARC-EP banners and flags, armed FARC-EP members, and defendant IDROBO to the speaker's immediate left, as well as the slogan "manuel marulanda vive" (translated: "Manuel Marulanda lives"), a reference to the deceased founder of FARC:



The following screenshot is from a video FARC-EP posted on Youtube, depicting armed FARC-EP members to either side of defendant IDROBO, identified by his alias "Marlon Vasquez":



1          7.     These Introductory Allegations are incorporated into each
2   count of this First Superseding Indictment.

CefrUNT ONE

[18 U.S.C. §§ 2339B(a)(1), 2(b)]

[ALL DEFENDANTS]

Beginning on an unknown date, but no later than on or about March 25, 2023, and continuing until on or about March 27, 2024, in an offense begun and committed out of the jurisdiction of any particular State or District of the United States, including in Colombia, the Netherlands, Czech Republic, and elsewhere, defendants IVAN JACOBO IDROBO ARREDONDO, also known as ("aka") "Ivan Jacob Idrobo Arredondo," aka "Marlon Vasquez," and JUAN DIEGO PALTA MONTERO, aka "Juan Diego Palta Moreno," aka "Ñeque," and others known and unknown to the Grand Jury, at least one of whom will be first brought to, and arrested in, the Central District of California, knowingly attempted to provide material support and resources, as the term is defined in Title 18, United States Code, Section 2339A(b)(1), namely, weapons, including approximately 50 AK-47 rifles, 10,000 AK-47 rounds of ammunition, six rocket-propelled grenade launchers, 100 rocket-propelled grenades, 10,000 rounds of .762 ammunition, 10,000 rounds of 2.23 ammunition, 100 grenades, 12 machineguns, and 300 banana clips for AK-47 rifles, to FARC-EP, which at all relevant times was designated by the Secretary of State as a foreign terrorist organization, knowing that FARC-EP had been designated as a foreign terrorist organization, and knowing that FARC-EP had engaged in, and was engaging in, terrorist activity and terrorism, and such offense occurred in and affected interstate and foreign commerce.

COUNT TWO

[21 U.S.C. § 960a(a); 18 U.S.C. § 2(b)]

[ALL DEFENDANTS]

A.  <u>OBJECT OF THE CONSPIRACY</u>

Beginning on an unknown date, but no later than on or about March 25, 2023, and continuing until on or about March 27, 2024, in an offense begun and committed out of the jurisdiction of any particular State or District of the United States, including in Colombia, the Netherlands, Czech Republic, and elsewhere, defendants IVAN JACOBO IDROBO ARREDONDO, also known as ("aka") "Ivan Jacob Idrobo Arredondo," aka "Marlon Vasquez," and JUAN DIEGO PALTA MONTERO, aka "Juan Diego Palta Moreno," aka "Ñeque," each of whom will be arrested and first brought to the Central District of California, and others known and unknown to the Grand Jury, conspired and agreed with each other to engage in conduct that would be punishable under Title 21, United States Code, Section 841(a) if committed within the jurisdiction of the United States, namely, the distribution of, and possession with the intent to distribute, at least five kilograms of a mixture and substance containing a detectable amount of cocaine, knowing and intending to provide, directly and indirectly, something of pecuniary value to a person and organization that has engaged and engages in terrorism and terrorist activity, namely, FARC-EP, which has been designated by the United States Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act and remains so designated, having knowledge that such organization and persons have engaged and engage in terrorism and terrorist activity, in violation of Title 21, United States Code, Section 960a, and such

7

1   drug trafficking and terrorism offenses occurred in and affected
2   interstate and foreign commerce.

3   B.    MANNER AND MEANS OF THE CONSPIRACY

4        The object of the conspiracy was to be accomplished, in
5   substance, as follows:

6        1.    Defendant IDROBO, Co-conspirator 1, and Co-conspirator 4
7   would own and operate laboratories throughout Colombia that
8   manufactured and distributed cocaine.

9        2.    Co-conspirators 1, 2, 3, and 4, in laboratories throughout
10  Colombia, would manufacture cocaine for importation into the United
11  States and elsewhere.

12       3.    Defendants IDROBO and PALTA, and Co-conspirators 1 and 2,
13  would negotiate the sale of cocaine, believing it would be imported
14  into the United States and distributed within the Central District of
15  California, with people they believed to be drug traffickers.

16       4.    Defendants IDROBO and PALTA, and Co-conspirators 1 and 3,
17  would negotiate with people they believed to be drug traffickers for
18  the exchange of firearms and ammunition, including machineguns,
19  grenades, destructive devices, and rifles, for cocaine that they
20  believed would be imported into the United States and distributed
21  within the Central District of California.

22       5.    Co-conspirators 1, 2, 3, and 4 would store cocaine in
23  cocaine laboratories and residences in Colombia.

24       6.    Co-conspirators 1 and 2 would transport and distribute
25  cocaine to people they believed to be drug traffickers for the
26  purpose of its importation into the United States.

27

28

7.     Defendant PALTA and Co-conspirator 1 would coordinate the transportation of firearms and destructive devices used as payment for cocaine they believed would be imported into the United States.

C.    OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants IDROBO and PALTA, together with others known and unknown to the Grand Jury, committed and caused to be committed various overt acts in the countries of Colombia, the Czech Republic, and the Netherlands, including, but not limited to, the following:

Overt Act No. 1:    On May 3, 2023, in Cali, Valle del Cauca, Colombia, Co-conspirators 1 and 2, and another co-conspirator, met with persons they believed to be drug traffickers with connections and drug routes into the United States, but who were, in fact, a confidential source working with the United States Drug Enforcement Administration ("CS-1") and an undercover agent with the Colombian National Police ("UC-1").  At this meeting, in coded language, Co-conspirators 1 and 2 agreed to provide CS-1 and UC-1 approximately seven kilograms of cocaine in Cali, Colombia, for importation into, and distribution within, the United States.

Overt Act No. 2:    On May 3, 2023, in Cali, Valle del Cauca, Colombia, Co-conspirator 1 asked CS-1 if Co-conspirator 1 could invest in 0.5 kilograms of the seven kilograms of cocaine destined for the United States in exchange for a cut of the profits from its sale in the United States.

Overt Act No. 3:    On May 3, 2023, in Jamundi, Valle del Cauca, Colombia, Co-conspirators 1 and 2 gave CS-1 a tour of a cocaine

laboratory that was manufacturing and packaging seven kilograms of cocaine.

Overt Act No. 4:   On May 5, 2023, in WhatsApp messages, Co-conspirator 2 asked UC-1 to call him to discuss the delivery of seven kilograms of cocaine.

Overt Act No. 5:   On May 6, 2023, in WhatsApp messages, Co-conspirator 2 coordinated with UC-1 the delivery of seven kilograms of cocaine.

Overt Act No. 6:   On May 6, 2023, in Cali, Valle del Cauca, Colombia, Co-conspirators 1 and 2 drove to meet with UC-1 and CS-1 at a parking lot in order to deliver cocaine.  At the parking lot, Co-conspirator 2 transferred approximately seven kilograms of a mixture and substance containing a detectable amount of cocaine to CS-1 and UC-1, packaged in materials depicting the Los Angeles Galaxy soccer team, in exchange for Colombian pesos worth approximately $10,715 USD, as depicted in the below photograph.



Overt Act No. 7:   On July 31, 2023, in Cali, Valle del Cauca, Colombia, Co-conspirators 1 and 2 met with CS-1 and UC-1 at a food court and, in coded language, discussed future cocaine transactions, transporting cocaine overseas, and meeting with defendant IDROBO regarding drug deals.

Overt Act No. 8:   On July 31, 2023, in Cali, Valle del Cauca, Colombia, Co-conspirator 1 accepted $4,500 USD from CS-1 and UC-1 as payment for his investment in 0.5 kilograms of cocaine that Co-conspirator 1 believed was imported and distributed within the United States.

Overt Act No. 9:   On October 17, 2023, during a telephone conversation, using coded language, Co-conspirator 1 discussed trading cocaine for firearms with CS-1 and a person he believed to be an arms trafficker but who was, in fact, a confidential source for the Drug Enforcement Administration ("CS-2").  During the same conversation, using coded language, Co-conspirator 1, on behalf of defendant IDROBO, negotiated with CS-2 a trip where Co-conspirator 1 and defendant IDROBO would send someone to review the firearms and CS-2 would visit Co-conspirator 1's cocaine laboratories.

Overt Act No. 10:   On November 3, 2023, in Villa Rica, Valle del Cauca, Colombia, Co-conspirators 1 and 3, on behalf of defendant IDROBO, met with CS-1 and requested travel arrangements to review the firearms that would be used as payment for cocaine.

Overt Act No. 11:   On December 3, 2023, Co-conspirator 3, on behalf of defendant IDROBO, traveled to Prague, Czech Republic, with CS-1 to review and examine firearms that would be traded for cocaine imported into the United States.

11

1    <u>Overt Act No. 12:</u>    On December 6, 2023, in Prague, Czech
2    Republic, Co-conspirator 3, on behalf of defendant IDROBO, met with a
3    person he believed to be an arms dealer but who was, in fact, a
4    confidential source for the Drug Enforcement Administration ("CS-3"),
5    and traveled to a warehouse in Prague, Czech Republic.  There, Co-
6    conspirator 3 met with a person he believed was an arms dealer but
7    who was, in fact, a Czech law enforcement officer, acting in an
8    undercover capacity ("UC-2"), and another person he believed was an
9    arms dealer but who was, in fact, a confidential source with the Drug
10   Enforcement Administration ("CS-4").  At the warehouse, as part of
11   the drugs-for-guns trade, Co-conspirator 3 reviewed, inspected, and
12   held numerous firearms, machineguns, and destructive devices,
13   including Ruchnoĭ Protivotankovyĭ Granatomet rocket-propelled grenade
14   launchers, Samopal, Model 58, 7.62 caliber submachineguns, and UK-59,
15   model 1959, 7.62x54mm caliber belt-fed machineguns, as depicted in
16   the below photograph.



26   <u>Overt Act No. 13:</u>    On December 6, 2023, in Prague, Czech
27   Republic, Co-conspirator 3, on behalf of defendant IDROBO, using
28   coded language, discussed with CS-3 the exchange of cocaine for

firearms and the delivery of firearms at a port in Colombia controlled by FARC-EP.  During the same conversation, Co-conspirator 3 discussed how the organization he was a member of would use rocket-propelled grenade launchers to shoot at the Colombian Presidential Palace, Colombian Army helicopters, the Colombian Supreme Court Building, local police stations, and the place where Colombian President Petro was located, to force the Colombian government to respect the organization.

Overt Act No. 14:  On December 8, 2023, in a telephone conversation, Co-conspirator 1, on behalf of defendant IDROBO, agreed with CS-1 and CS-2 to arrange an in-person meeting between defendant IDROBO and CS-1 and CS-2, and for CS-2 to visit cocaine laboratories run by defendant IDROBO and Co-conspirator 1.

Overt Act No. 15:  On December 14, 2023, in Betulia, Suarez, Valle del Cauca, Colombia, Co-conspirator 1 drove CS-1 to a residence to meet with defendants IDROBO and PALTA for the purpose of discussing the exchange of firearms, machineguns, destructive devices, and ammunition for cocaine.

Overt Act No. 16:  On December 14, 2023, in Betulia, Suarez, Valle del Cauca, Colombia, defendants IDROBO and PALTA, and Co-conspirator 1, met with CS-1 and discussed the weapons shown to Co-conspirator 3 in the Czech Republic.  During this recorded meeting, defendants IDROBO and PALTA, and Co-conspirator 1, analyzed and calculated the costs of firearms, machineguns, destructive devices, and ammunition offered by CS-2.  During this meeting, defendants IDROBO and PALTA, and Co-conspirator 1, agreed to provide to CS-1 20 kilograms of cocaine for importation into the United States, and distributed in Los Angeles, California, and stamped and contained in

packaging with the word "Hollywood," in exchange for firearms, machineguns, destructive devices, ammunition, and money.

Overt Act No. 17:   On December 14, 2023, in a telephone conversation, Co-conspirator 1, using coded language, discussed with CS-1 and CS-2 his conversations with defendant IDROBO about the firearms shown to Co-conspirator 3 in the Czech Republic and the exchange of cocaine for firearms and money.

Overt Act No. 18:   On December 18, 2023, in Signal messages, Co-conspirator 1, using coded language, discussed with CS-2 the transportation and delivery of 20 kilograms of cocaine and the transportation and delivery of firearms that would be used to purchase a portion of the 20 kilograms of cocaine.

Overt Act No. 19:   On December 19, 2023, in Betulia, Suarez, Valle del Cauca, Colombia, Co-conspirator 4 transported CS-1 to a concealed cocaine laboratory that was producing and packaging 21 kilograms of cocaine for the importation into the United States.

Overt Act No. 20:   On December 19, 2023, in Betulia, Suarez, Valle del Cauca, Colombia, Co-conspirator 1, 2 and 4, on behalf of defendants IDROBO and PALTA, met with CS-1 at a cocaine laboratory that was producing and packaging 21 kilograms of cocaine that were stamped with "Hollywood," as depicted in the below photographs, and intended to be imported into the United States, and discussed the process of manufacturing, packaging, and transporting cocaine.





Overt Act No. 21:    On December 21, 2023, in Signal messages, Co-conspirator 1 ordered from CS-2 50 AK-47 rifles, 10,000 AK-47 rounds of ammunition, six rocket-propelled grenade launchers, 100 rocket-propelled grenades, 10,000 rounds of .762 ammunition, 10,000 rounds of 2.23 ammunition, 100 grenades, 12 machineguns, and 300 banana clips for AK-47 rifles.

Overt Act No. 22:    On December 21, 2023, in Jamundi, Valle del Cauca, Colombia, Co-conspirator 2 traveled with CS-1 to a parking lot in Cali, Colombia, to meet with a person he believed to be a drug customer but who was, in fact, an undercover agent with the Colombian National Police ("UC-3") to deliver 21 kilograms of cocaine that were intended to be imported into the United States.

Overt Act No. 23:    On December 21, 2023, in Cali, Colombia, Co-conspirator 2 distributed approximately 21 kilograms of a mixture and substance containing a detectable amount of cocaine that were

packaged in materials depicting the "Hollywood" sign to CS-1 and UC-3, as depicted in the below photographs.





Overt Act No. 24:   On January 18, 2024, in Cali, Colombia, Co-conspirator 1 met with CS-1, CS-2, and UC-3 and accepted $8,000 USD in payment for his investment in one kilogram of the 21 kilograms of cocaine provided to CS-1 and UC-3 on December 21, 2023.  In the same meeting, using coded language, Co-conspirator 1 discussed the transport, importation, and distribution of cocaine in the United States.

Overt Act No. 25:   On January 18, 2024, in Cali, Colombia, Co-conspirator 1, on behalf of defendant IDROBO, using coded language, negotiated with CS-1 and CS-2 to purchase and transport additional

16

firearms, machineguns, destructive devices, and ammunition in exchange for cocaine.

Overt Act No. 26:    On March 2, 2024, in Toribio, Cauca, Colombia, using coded language, defendant PALTA and Co-conspirator 1 met with CS-1, toured a cocaine laboratory, and discussed the transportation and exchange of firearms for cocaine.

Overt Act No. 27:    On March 2, 2024, in Tacueyo, Toribio, Cauca, Colombia, Co-conspirator 1 transported CS-1 to an airstrip that would be used to receive and exchange firearms for cocaine.

COUNT THREE

[21 U.S.C. § 963]

[ALL DEFENDANTS]

A.    OBJECT OF THE CONSPIRACY

Beginning on an unknown date, but no later than on or about March 25, 2023, and continuing until on or about March 27, 2024, in the countries of Colombia, Netherlands, the Czech Republic, and elsewhere, defendants IVAN JACOBO IDROBO ARREDONDO, also known as ("aka") "Ivan Jacob Idrobo Arredondo," aka "Marlon Vasquez," and JUAN DIEGO PALTA MONTERO, aka "Juan Diego Palta Moreno," aka "Ñeque," each of whom will be arrested and first brought to the Central District of California, and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally manufacture and distribute at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and (b)(1)(B)(ii).

B.    MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

Paragraphs 1 through 7, alleged in Count Two, Section B of this First Superseding Indictment, are re-alleged and incorporated by reference herein.

C.    OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants IDROBO and PALTA,

together with others known and unknown to the Grand Jury, committed and caused to be committed various overt acts in the countries of Colombia, the Czech Republic, and the Netherlands, and elsewhere, including, but not limited to, the following:

The Overt Acts 1 through 27, alleged in Count Two, Section C of this First Superseding Indictment, are re-alleged and incorporated by reference herein.

COUNT FOUR

[18 U.S.C. § 924(o)]

[ALL DEFENDANTS]

A.   OBJECT OF THE CONSPIRACY

Beginning on an unknown date, but no later than on or about March 25, 2023, and continuing until on or about March 27, 2024, in the countries of Colombia and the Czech Republic, and elsewhere, defendants IVAN JACOBO IDROBO ARREDONDO, also known as ("aka") "Ivan Jacob Idrobo Arredondo," aka "Marlon Vasquez," and JUAN DIEGO PALTA MONTERO, aka "Juan Diego Palta Moreno," aka "Ñeque," each of whom will be arrested and first brought to the Central District of California, and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly possess firearms, machineguns, as defined in Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5485(b), and destructive devices, as defined in Title 18, United States Code, Section 921(a)(4), in furtherance of a drug trafficking crime, namely, conspiracy to manufacture and distribute cocaine for the purpose of unlawful importation, in violation of Title 21, United States Code, Section 963, as charged in Count Three of this First Superseding Indictment, all in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (c)(1)(B)(ii).

B.   MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Defendants IDROBO and PALTA, and Co-conspirators 1 and 3, would negotiate the pricing and purchase of firearms, machineguns,

20

and destructive devices in exchange for kilogram quantities of cocaine.

2.    Defendant IDROBO and Co-conspirator 1 would send delegates on their behalf to view firearms, machineguns, and destructive devices that would be exchanged for kilogram quantities of cocaine.

3.    Co-conspirator 3 would travel on behalf of defendant IDROBO and Co-conspirator 1 to view and handle firearms, machineguns, and destructive devices that would be exchanged for kilogram quantities of cocaine.

4.    Defendants IDROBO and PALTA, and Co-conspirator 1, would order firearms, machineguns, and destructive devices on behalf of a drug trafficking organization in exchange for kilogram quantities of cocaine.

5.    Defendant PALTA and Co-conspirator 1 would tour airstrips in Colombia to coordinate the delivery of kilogram quantities of cocaine and the receipt of firearms, machineguns, and destructive devices.

C.    OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants IDROBO and PALTA, and Co-conspirators 1 and 3, together with others known and unknown to the Grand Jury, committed and caused to be committed various overt acts in the countries of Colombia and the Czech Republic, and elsewhere, including, but not limited to, the following:

The Overt Acts 9 through 27, alleged in Count Two, Section C of this First Superseding Indictment, are re-alleged and incorporated by reference herein.

                            COUNT FIVE

   [21 U.S.C. §§ 959(a), 960(a)(3), (b)(1)(B)(ii); 18 U.S.C. § 2(b)]

                         [ALL DEFENDANTS]

     On or about December 21, 2023, in the country of Colombia,
defendants IVAN JACOBO IDROBO ARREDONDO, also known as ("aka") "Ivan
Jacob Idrobo Arredondo," aka "Marlon Vasquez," and JUAN DIEGO PALTA
MONTERO, aka "Juan Diego Palta Moreno," aka "Ñeque," each of whom
will be arrested and first brought to the Central District of
California, knowingly distributed, and willfully caused to be
distributed, at least five kilograms of a mixture and substance
containing a detectable amount of cocaine, that is, approximately 21
kilograms, a Schedule II narcotic drug controlled substance,
intending, knowing, and having reasonable cause to believe that such
substance would be unlawfully imported into the United States.

                            COUNT SIX

          [18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(ii), 2(b)]

                        [DEFENDANT IDROBO]

     On or about December 6, 2023, in the country of the Czech
Republic, defendant IVAN JACOBO IDROBO ARREDONDO, also known as
("aka") "Ivan Jacob Idrobo Arredondo," aka "Marlon Vasquez," who will
be arrested and first brought to the Central District of California,
knowingly possessed, and willfully caused to be possessed, firearms
and machineguns, as defined in Title 18, United States Code, Section
921(a)(23), and Title 26, United States Code, Section 5845(b),
namely, Samopal, Model 58,7.62 caliber submachineguns, and UK-59,
model 1959, 7.62x54mm caliber belt-fed machineguns, each of which
defendant IDROBO knew to be a machinegun, and destructive devices, as
defined in Title 18, United States Code, Section 921(a)(4), namely,
Ruchnoĭ Protivotankovyĭ Granatomet rocket-propelled grenade
launchers, in furtherance of a drug trafficking crime, namely,
conspiracy to manufacture and distribute cocaine for the purpose of
unlawful importation, in violation of Title 21, United States Code,
Section 963, as charged in Count Three of this First Superseding
Indictment.

FORFEITURE ALLEGATION ONE

[21 U.S.C. §§ 853, 970; 18 U.S.C. § 924(d)(1)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Sections 853 and 970; and Title 18, United States Code, Section 924(d)(1), in the event of any defendant's conviction of the offenses set forth in any of Counts Three or Five of this First Superseding Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

24

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1                           FORFEITURE ALLEGATION TWO

2                [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3        1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 924(d)(1), and Title 28, United States

7   Code, Section 2461(c), in the event of any defendant's conviction of

8   the offenses set forth in any of Counts Four or Six of this First

9   Superseding Indictment.

10       2.    Any defendant so convicted shall forfeit to the United

11  States of America the following:

12            (a)   All right, title, and interest in any firearm or

13  ammunition involved in or used in any such offense; and

14            (b)   To the extent such property is not available for

15  forfeiture, a sum of money equal to the total value of the property

16  described in subparagraph (a).

17       3.    Pursuant to Title 21, United States Code, Section 853(p),

18  as incorporated by Title 28, United States Code, Section 2461(c), the

19  convicted defendant shall forfeit substitute property, up to the

20  value of the property described in the preceding paragraph if, as the

21  result of any act or omission of said defendant, the property

22  described in the preceding paragraph or any portion thereof (a)

23  cannot be located upon the exercise of due diligence; (b) has been

24  transferred, sold to, or deposited with a third party; (c) has been

25  placed beyond the jurisdiction of the court; (d) has been

26  //

27  //

28  //

substantially diminished in value; or (e) has been commingled with
other property that cannot be divided without difficulty.


                                        A TRUE BILL


                                        /S/
                                        Foreperson


BILAL A. ESSAYLI
United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, International Narcotics,
Money Laundering, and
Racketeering Section

BENEDETTO L. BALDING
Assistant United States Attorney
Corporate and Securities Fraud
Strike Force

KYLE W. KAHAN
Assistant United States Attorney
International Narcotics, Money
Laundering, and Racketeering
Section